IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUTHER EARL HALCOMB, #673147, § | | |
| aka Arthur Earl Halcomb § | | |
| aka Arthur Halcomb,[1] § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:10-CV-2424-N (BK) | |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Div., § | | |
| Respondent. § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred for findings, conclusions, and recommendation.

### I. BACKGROUND

Petitioner, a state prisoner, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is presently confined within the Texas Department of Criminal Justice, Correctional Institutions Divisions (TDCJ-CID) at the Boyd Unit in Teague, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process in this case pending preliminary screening.

---

[1] Petitioner filed the pleadings in this case under the name of "Auther Earl Halcomb" instead of "Arthur Earl Halcomb," the name reflected on TDCJ's records and the certificate of inmate trust account attached to his motion to proceed *in forma pauperis*. (Doc. #2 at 3.) A PACER search reflects that he previously filed cases in this Court under both names. *See* Nos. 3:00-CV-2019 and No. 3:05-CV-1992 (petitions for writ of mandamus filed under the name of Auther Halcomb), and Nos. 3:96-CV-2656, 3:02-CV-0101, and 3:99-CV-2491 (habeas corpus petitions and civil rights action filed under the name of Arthur Earl Halcomb). His prisoner number is the same in all cases.

In 1994, Petitioner was convicted of murder and sentenced to thirty years imprisonment. *See State v. Halcomb*, No. F93-68288 (Criminal District Court No. 4, Dallas County, Texas, 1994), *affirmed*, No. 10-94-00120-CR (Tex. App. – Waco 1995, no pet.). He unsuccessfully challenged his conviction in state and federal habeas corpus proceedings. *See Halcomb* v. *Director,* No. No. 3:96-CV-2656 (N.D. Tex. May 8, 1997) (denying habeas relief), *certificate of appealability denied*, No. 97-10734 (5th Cir. 1997); *Halcomb v. Cockrell*, No. 3:02-CV-101 (N.D. Tex. May 22, 2002) (dismissing habeas petition as time barred). Moreover, to date, the Texas Court of Criminal Appeals has dismissed six of his seven state habeas applications for abuse of the writ. *See Ex parte Auther Earl Halcomb*, No. WR-31,229-01 through 07.

In the present action, Petitioner again seeks to challenge his murder conviction. In eleven grounds, he alleges legal and actual innocence, ineffective assistance of counsel at trial and on appeal, denial of due process and equal protection, judicial and prosecutorial misconduct, and insufficiency of the evidence.

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2).

Before a petitioner may file his application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing the Court to consider the successive petition in this case. Petitioner must obtain such an order before he can file a second petition for habeas relief under section 2254 challenging his underlying criminal conviction. Therefore, this petition should be transferred to the United States Court of Appeals for the Fifth Circuit, pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III. RECOMMENDATION

For the foregoing reasons it is recommended that the habeas corpus petition be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

SIGNED December 3, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE